## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LEISURE LIFE SENIOR | § | |
| APARTMENT HOUSING II, LTD. | § | |
| d/b/a Park at Bellaire, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3067 |
| | § | |
| LLOYDS OF LONDON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion to Remand ("Motion")
[Doc. # 7] filed by Plaintiff Leisure Life Senior Apartment Housing II, Ltd. d/b/a Park
at Bellaire ("Leisure Life").  Defendants Certain Underwriters at Lloyds of London
("Lloyds") file a Response [Doc. # 8] in opposition to the Motion.  Having reviewed
the full record and the applicable legal authorities, the Court **grants** the Motion to
Remand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit in the 190th Judicial District Court of Harris County,
Texas.  In the Original Petition, Plaintiff alleges that Lloyds issued an insurance
policy covering Plaintiff's property in Houston, Texas.  Plaintiff alleges that the
insured property was damaged during Hurricane Ike in September 2008.  Plaintiff

submitted a claim to Lloyds under the policy for roof damage, water damage, and wind damage to the insured property.  Lloyds assigned Defendants York Claims Services, Inc. ("York"), Richard Swink, and Madsen Kneppers & Associates, Inc. ("MKA") to adjust Plaintiff's claim.  Swink and Plaintiff are both citizens of Texas.

Plaintiff alleges that the adjusters, including Swink, violated the Texas Insurance Code, *inter alia*, by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim and by failing to affirm or deny coverage within a reasonable time.  Plaintiff also alleges that York, Swink, and MKA engaged in common law fraud.

Lloyds removed the lawsuit to federal court, asserting that Swink, the non-diverse defendant, was improperly joined.  Plaintiff filed a Motion to Remand, which has been fully briefed and is now ripe for decision.

## II.  IMPROPER JOINDER

A party asserting improper joinder has the burden to demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)); *Smith v. BCE Inc.*, 225 F. App'x. 212, 215 (5th Cir. 2007) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694,

699 (5th Cir. 1999)).  There is no assertion that there is actual fraud in Plaintiff's statement of the jurisdictional facts.

Under the second route (inability to establish a cause of action against the non-diverse defendant), the court considers:

> whether there is arguably a reasonable basis for predicting that the state law might impose liability [on the resident defendant] on the facts involved, or whether there was a reasonable basis in law and fact for the claim against the resident defendant.

*Id.* (citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004) (quotation omitted and alteration in original).  "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Campbell*, 509 F.3d at 669 (emphasis in original).  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff and contested fact issues are resolved in the plaintiff's favor.  *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).  "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *see also Smallwood v. Illinois Central RR Co.*, 385 F.3d 568, 576 (5th Cir. 2004).

In this case, the parties agree that Texas law recognizes a cause of action against an insurance adjuster for violations of the Texas Insurance Code and for common law fraud.  *See, e.g., Liberty Mutual Inc. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278,

282 (5th Cir. 2007); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)). Lloyds argues, however, that Plaintiff does not allege a factual basis for its Insurance Code and fraud claims against Swink.  The Court disagrees.

Unlike the situation in the supplemental authority submitted by Lloyds -- *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company and Sonja R. Victor*, Civil Action No. H-09-1728 [Doc. # 9] -- Plaintiff here clearly differentiates between the alleged conduct of the insurance company and the challenged conduct by the adjusters, specifically including Swink by name.  Plaintiff alleges that Swink violated the Texas Insurance Code in several ways, including Swink's failure to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim" and Swink's failure to affirm or deny the claim within a reasonable time.  *See* Original Petition [Doc. # 1-2], ¶¶ 33, 35.  These factual allegations, viewed in the light most favorable to Plaintiff, indicate that Plaintiff has a reasonable basis for recovering against Swink in Texas state court for the alleged violations of the Texas Insurance Code.

Because Lloyds has not shown that Swink was improperly joined, the Court considers Swink's citizenship when determining whether there is complete diversity.

Plaintiff and Swink are both citizens of Texas and, therefore, the Court lacks subject matter jurisdiction and the lawsuit must be remanded to state court.

## III.   CONCLUSION AND ORDER

Plaintiff alleges facts in the Original Petition that could reasonably permit recovery against Defendant Richard Swink and, therefore, Swink was not improperly joined.  Because Plaintiff and Defendant Swink are both citizens of Texas, the Court lacks subject matter jurisdiction.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **GRANTED**.  The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this **12**[th] day of **November, 2009**.

Nancy F. Atlas
United States District Judge